**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

**v.**

**AVERY ANDERSON, Defendant**

Criminal No. F50/94

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

January 25, 1995

JOHN W. DAVIS, II, ESQ., (Assistant Attorney General, Department of Justice), St. Thomas, V.I., *for plaintiff*

IVER A. TRIDIRON, ESQ., St. Thomas, V.I., *for defendant*

DIASE, *Judge*

## MEMORANDUM OPINION AND ORDER

The Court must now decide whether records in Defendant Avery Anderson's Territorial Court Family Division's juvenile file can be reviewed and considered by the Court in sentencing him for a criminal offense committed as an adult. On June 1, 1994, after a jury trial, Defendant Avery Anderson ("Anderson") was convicted of first degree robbery, grand larceny, and buying, receiving or possessing stolen property of a value of $100.00 or more.

This matter was then scheduled for sentencing on August 12, 1994. At the sentencing hearing, the Government made an oral motion that certain information in Anderson's juvenile file be reviewed by the Court prior to sentencing and considered in fashioning a sentence. The Court reserved ruling on the Government's motion and continued this matter pending the Government's filing of the appropriate written motion and Anderson's response. On September 1, 1994, the Government filed a Motion for Use of Juvenile Records for Sentence Hearing. Anderson, on October 7, 1994, filed his Reply in Opposition to the Government's motion. For the reasons which follow, the Court will grant the Government's motion and review and consider Anderson's juvenile file in its sentencing of him in this matter.

In 1983, the V.I. Legislature enacted 5 V.I.C. § 2501 *et seq.* as the "Children's Policy for the territory". 5 V.I.C. § 2501(a). It established a uniform system for treating and sanctioning children, especially those who have committed delinquent acts. As part of this policy, this Court's official records for juvenile delinquents and those children in need of supervision are required to be kept separate from other records and files of the Court. 5 V.I.C. § 2529(b). Disclosure of these official records is limited to the Family Division of the Court and certain other persons and agencies enumerated, unless otherwise ordered by a judge. In particular, § 2529(b)(4) provides that access without express consent of the Court is allowed to "a court in which the child has been convicted of a criminal offense or a delinquent act for the *purpose of a presentence report or other dispositional proceedings.*" (emphasis added). Additionally, § 2529(c) restricts the inspection to only those persons and agencies specifically designated in (b), of all other court records, "including dockets, complaints, motions and

40

other papers filed with a case, transcripts of testimony, findings, verdicts, orders and decrees . . . ."

In its motion, the Government asks the Court to consider the nature and circumstances of Anderson's juvenile offense as evidence of his history and characteristics. It lists three specific documents from Anderson's juvenile file, Juv.No 109/91, which it claims are of significant importance and should be reviewed. These documents are dated 1991 and 1992. Moreover, the Government stresses that Anderson was represented in the juvenile proceeding by the same counsel who now represents him and there can, thus, be no question of duress or coercion in that proceeding. The Government, lastly, argues that 5 V.I.C. § 2527(b)(5) and § 2529(b)(4) expressly permit the use of the juvenile record for sentencing purposes following an adult conviction.[1]

In his Opposition, Anderson does not dispute that he was convicted of a criminal offense or a delinquent act as a juvenile, but claims that the Government has misinterpreted 5 V.I.C. § 2527(b)(5) and § 2529(b)(4). He asserts that a correct interpretation of both statutes would only allow consideration of a juvenile record in the transfer of a matter from the Family Division to the regular Criminal Division or in the preparation of a presentence report or other dispositional proceeding in the Family Division. Anderson further argues that the use of juvenile records violates fundamental fairness and undermines the integrity of the juvenile courts. Finally, Anderson raises the fear that "unsealing" his juvenile records would place him in "serious peril" if these records were to be disclosed to the public.

■ This Court finds that the language of § 2529 (b) and (c) is clear and unequivocal. It permits the Territorial Court, as "the court" in which Anderson was convicted of a criminal offense or a delinquent act as a child, to have complete access to all juvenile records for the purpose of his adult dispositional proceedings. No consent must be obtained for this access.

■ Moreover, contrary to Anderson's assertions, the Third Circuit Court of Appeals, in United States v. Bucaro, 898 F.2d 368 (3d

---

[1] The official juvenile records of the Court are specifically governed by 5 V.I.C. § 2529. 5 V.I.C. § 2527 pertains to records of law enforcement agencies, such as police records, and is not applicable here.

Cir. 1990), has concluded that the use of a defendant's juvenile record in sentencing does not violate due process. There, the defendant argued, in pertinent part, that the district court should not have considered two adjudications of juvenile delinquency that remained on his Pennsylvania state record to determine his sentencing range under the federal sentencing guidelines.

The Court dismissed this theory on the ground that Pennsylvania law does permit juvenile adjudications to be considered in an adult dispositional proceeding after conviction for a felony, for the purpose of a presentence investigation and report. The Pennsylvania statute reviewed by the Third Circuit and directly on point, 42 Pa. Cons.Stat.Ann. § 6354 (b)(1) (Purdon 1982), provided as follows:

> (b) The disposition of a child under this chapter may not be used against him in any proceeding in any court other than at a subsequent juvenile hearing, whether before or after reaching majority, except:
> (1) in dispositional proceedings after conviction of a felony for the purposes of a presentence investigation and report;
> . . . .

The Third Circuit further noted that the defendant, by virtue of the specific statute, had notice that his juvenile record could be factored in during sentencing for a subsequent felony conviction as an adult.

Noteworthy is the striking similarity of the Pennsylvania statute with our own. Importantly, both statutes contemplate the use of juvenile records for later adult dispositional proceedings.

■ Indeed, a majority of the states allow a judge, when imposing a sentence on an accused as an adult, to take into consideration the accused's juvenile court record. This is in line with the view of sentencing that "the sentence should be tailored to the particular circumstances of the case and of the offender in an effort to balance both society's need for protection and its interest in maximizing the offender's rehabilitative potential." Annotation, Consideration of Accused's Juvenile Court Record in Sentencing for Offense Committed as Adult, 64 A.L.R. 3d 1291, 1294 (1975 & Supp. 1994).

■ During the juvenile proceedings in 1991 and 1992, Anderson, by virtue of the 1983 enactment of 5 V.I.C. § 2529, had notice that

the contents of his juvenile record could be disclosed to this Court, upon his subsequent conviction as an adult. In addition, Anderson was represented by counsel. He has never raised any question as to the validity of the documents in the juvenile proceedings, including his own statements, throughout the present proceeding.

■ The Court is, nevertheless, sensitive to Anderson's fear of the use of his juvenile records beyond the limits established by the statute. Apparently, some of the statements he made then may have implicated certain persons in this community in dangerous criminal activities. Importantly, the issue here is not one of public disclosure of the juvenile records, but of the Court's consideration and review of his juvenile file for the purpose of sentencing alone. Certainly, it is not intended that Anderson's juvenile file would be available for public inspection. Thus, this Court can still review the file and determine, what, if any, information may be relevant and of assistance in fashioning an appropriate sentence. Based on the foregoing, it is hereby

ORDERED that the Government's Motion for Use of Juvenile Records for Sentence Hearing is GRANTED; and it is

ORDERED that the Clerk of the Court release Defendant Avery Anderson's juvenile file(s) to the undersigned for review; and it is

ORDERED that this matter is scheduled for a final sentencing hearing on March 2, 1995 at 9:00 a.m., Courtroom No. 5, Alexander A. Farrelly Justice Center; and it is

ORDERED that a copy of this Memorandum Opinion and Order be personally served upon the Defendant and copies directed to John W. Davis, III, Esq., Assistant Attorney General, V.I. Department of Justice, and Iver Stridiron, Esq.